**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**TERRY WILLIAMS,**

        **Plaintiff,**        **CIVIL ACTION NO. 07-CV-12502-DT**

  **VS.**                    **DISTRICT JUDGE DAVID M. LAWSON**

**STEVE MCCAIN, et al.,**     **MAGISTRATE JUDGE MONA K. MAJZOUB**

        **Defendants.**

_____/

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**:    This action should be **DISMISSED** pursuant to 28 U.S.C. § 1915A because Plaintiff has failed to state a claim upon which relief may be granted.

**II.    REPORT**:

    *1.    Facts and Claims*

Plaintiff brings this action under 42 U.S.C. § 1983. This matter comes before the Court on the Court's duty to screen complaints filed in civil actions in which a prisoner seeks redress from an employee of a governmental entity. 28 U.S.C. § 1915A. All pretrial matters have been referred to the undersigned for action. (Docket no. 3). Plaintiff is proceeding *pro se* and *in forma pauperis*. (Docket no. 4). Plaintiff is a prisoner currently housed at the Parnall Correctional Facility in Jackson, Michigan. (Docket no. 1). He claims that he was working in the dining room when another inmate punched him in his mouth. (*Id.*). Plaintiff further alleges that "Food Stewart" Tripp called for correctional officers to escort the inmate to "the hole." (*Id.*). Plaintiff states that "at no time did the Sgt. Green (Defendant #7) ever escort me over to health care to see if I am all right or to have me check out."[1] (*Id.*). Plaintiff

---

[1] Plaintiff has submitted a letter stating that Sgt. Green should be replaced with Lt. Rogers. (Docket no. 13). This request for substitution does not affect this Recommendation.

further states that 4 days later he went to work and the inmate that had assaulted him was back at work. He alleges that Defendants 1-5 failed to "do anything to get this person out of there." (*Id.*) Finally, Plaintiff states that "at no time did they look out for my safety or well being." (*Id.*). Plaintiff asks that the Defendants pay for his mental and emotional stress that they caused him. (*Id.*).

2. *Governing Law*

Under section 1915A, the court "shall review" a complaint in a civil action in which a prisoner seeks redress from an employee of a governmental entity. 28 U.S.C. § 1915A(a). On this review the court must dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *Id.* § 1915A(b)(1).

3. *Analysis*

Plaintiff is a prisoner. Defendants McCain, Wright, Sanchez and Green are all employees of the prison and are therefore employees of a governmental entity, the Michigan Department of Correction. Section 1915A therefore applies to this action. Plaintiff also names three "food stewarts" who may be his fellow inmates. If so, they are subject to dismissal because Plaintiff has not alleged that they were acting under color of state law at the time. *See Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998) (to maintain section 1983 action plaintiff must establish that the defendant acted under color of state law and deprived him of right secured by the Constitution or federal law). If the "food stewarts" are not inmates, they are prison employees just as the other Defendants.

Plaintiff alleges that Defendant Green (or Rogers) did not escort Plaintiff to health care to see if he was okay. Plaintiff does not allege that he was physically injured as a result of being punched by the other inmate. He does not allege that he requested that Defendant Green take him to health care. To establish a violation of his Eighth Amendment rights resulting from a denial of medical care, Plaintiff must show that prison officials were deliberately indifferent to his serious medical needs. *Estelle v.*

2

*Gamble*, 429 U.S. 97, 106 (1976). Plaintiff's allegations fail to state a claim for relief because he fails to allege either a serious medical need or that Defendant Green was deliberately indifferent to any such need. Plaintiff cannot prove any set of facts in support of these claims that would entitle him to relief.

Plaintiff's other allegations concern Defendants 1-5. He fails to allege any facts against Defendant 6, Correctional Officer Sanchez. Prison officials are liable under the Eighth Amendment for failing to protect an inmate only if they act with "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Officials act with deliberate indifference if they know of a substantial risk to an inmate's safety, yet disregard that risk by failing to take reasonable measures to abate it. *Id.* at 837. Plaintiff has not alleged any specific facts which would show that Defendants knew of a substantial risk to his safety because he was in danger of being assaulted by the inmate a second time. The inmate had been taken to "the hole" as punishment for the earlier assault. Days had passed since the assault, and the inmates were in a controlled setting–the dining room. There is no allegation that the inmate still intended to harm Plaintiff. Moreover, Plaintiff does not allege that he was harmed again by this inmate. These allegations fail to state an Eighth Amendment claim.

Plaintiff has failed to state a claim upon which relief may be granted against any Defendant. This action should therefore be dismissed.

### III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which

raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: August 28, 2007                s/ Mona K. Majzoub
                MONA K. MAJZOUB
                UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Terry Williams on this date.

Dated: August 28, 2007                s/ Lisa C. Bartlett
                Courtroom Deputy

4