UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY WILLIAMS,

       Plaintiff,

v.

       Case Number 07-12502
       Honorable David M. Lawson
       Magistrate Judge Mona K. Majzoub

STEVE MCCAIN, ASSISTANT
FOOD SERVICE DIRECTOR WRIGHT,
FOOD STEWART JOHNS, FOOD STEWART
ENGLAND, JANE HENDREZ, CORRECTIONS
OFFICER SANCHEZ, SERGEANT GREEN,

       Defendants.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION AND DISMISSING CASE**

This matter is before the Court on the plaintiff's objections to a report filed by Magistrate Judge Mona K. Majzoub recommending *sua sponte* dismissal of the plaintiff's complaint pursuant to 28 U.S.C. § 1915A. The plaintiff is a prisoner in the custody of the Michigan Department of Corrections who filed a *pro se* complaint alleging that prison officials were deliberately indifferent to his medical needs and failed to protect him from the potential future assaults of a dangerous inmate. The case was referred to Judge Majzoub to conduct all pretrial proceedings under 28 U.S.C. § 636(b)(1)(B). Judge Majzoub conducted the screening required by 28 U.S.C. § 1915A, and on August 28, 2007, she filed a report recommending that the case be dismissed with prejudice. The plaintiff filed objections, but before the Court addressed those objections or the magistrate judge's report, the defendants filed a motion for summary judgment alleging that the plaintiff failed to exhaust administrative remedies. Judge Majzoub subsequently recommended that the motion be granted, and the plaintiff objected to that recommendation as well. The Court has reviewed the file,

the report and recommendation, and the plaintiff's objections and has made a *de novo* review of the record. The Court concludes that the plaintiff's objections to the first report and recommendation lack merit, and the complaint fails to state a claim for relief. Therefore, the Court will adopt the first recommendation, dismiss the case, and deny the motion for summary judgment as moot.

I.

The complaint in this case does not tell much of a story. In fact, the whole of it reads as follows:

> During work on 3rd week in June of 2006, I was working the dining room tables in the evening and I was approached by another inmate and that inmate punched me in the mouth for no good reasons. Smt. Food Stewart Tripp [s]aw that inmate assault me and called for correctional officers to escort him to the hole. At no time did the Sgt. Green (Defendant #7) ever escort me over to health care to see if I am all right or to have me check out. [Four] days later I went to work and the inmate that had assault me, was back to work, at no time did Defendant 1, (Steven McCain) Defendant #2 (Wright), Defendant #3(Johns), Defendant #4 (England), Defendant #5 (Hendrez) do anything to get this person out of there. At no time did they look out for my safety or well being.
> . . .
> I want the defendants in this case to pay for my mental and emotions stress that they cause me.

Compl. at 4 (errors in original).

The plaintiff also named Corrections Officer Sanchez as a defendant, but, as shown above, he did not allege facts against this individual. On August 23, 2007, the plaintiff filed a letter requesting that Sergeant Green be replaced with Lieutenant Rogers. The magistrate judge took this request for substitution into account and determined that it was immaterial to the outcome. The plaintiff later filed a motion to amend his complaint, formalizing his request for substitution of Rogers for Green. The magistrate judge granted this motion on March 7, 2008.

Although the plaintiff did not identify the Eighth Amendment or formally list counts, the magistrate judge interpreted the case as seeking relief under that amendment for deliberate indifference to a serious medical need and for failure to protect. On August 28, 2007, she filed a report recommending *sua sponte* dismissal pursuant to 28 U.S.C. § 1915A. The magistrate judge first noted that three of the named inmates – "food stewards" Johns, England, and Hendrez – may be fellow inmates, in which case the plaintiff could not maintain an action under 42 U.S.C. § 1983 because they would not have been acting under color of state law. As to the other defendants who were prison personnel, Judge Majzoub determined that the plaintiff simply failed to state a claim. She reasoned that the plaintiff failed to allege deliberate indifference to a serious medical need, because he satisfied neither the objective nor subjective elements of such a claim. The plaintiff did not state that he was injured by the blow, and he did not allege facts showing culpability on the part of the defendants. Turning to the plaintiff's other claim, the magistrate judge cited *Farmer v. Brennan*, 511 U.S. 825, 837 (1995), for the notion that "[o]fficials act with deliberate indifference if they know of a substantial risk to an inmate's safety, yet disregard that risk by failing to take reasonable measures to abate it." First R & R [dkt #14] at 3. According to Judge Majzoub, the plaintiff did not allege facts showing that he was still in harm's way or, if this were the case, that the defendants knew as much.

The plaintiff filed timely objections contesting the magistrate judge's findings on both claims. With respect to deliberate indifference to a serious medical need, the plaintiff did not directly challenge the judge's reasoning. Instead of arguing that he indeed stated a claim for relief, the plaintiff expanded on his factual allegations, writing as follows:

> Because he was in a state of shock over the unprovoked assault he was subjected to, Plaintiff failed to adequately communicate his need for medical assistance but,

> Plaintiff maintains that, because of his advanced age and the force in which he was punched, a reasonable person should have inferred the possible need for medical assistance, in order to determine, at the very least, that there was no traumatic injury.

Pl.'s Objs. to First R & R [dkt # 21] at 2 (errors in original).

As to the failure to protect claim, the plaintiff argues that subjective knowledge of an impending attack was implicit in his allegations. He says a reasonable person in the defendants' position would have concluded that further attack was likely once the first attack took place. He then goes on, as before, to augment his factual allegations:

> The prisoner who assaulted Plaintiff made additional threats of violence against Plaintiff, through third parties, *after* he was returned to work. Plaintiff made his fear of assault known to the then 8 block Assistant Resident Unit Supervisor (ARUS), Ms. Smith. The ARUS contacted the Classification Director, Ms. Wiborn, who admitted that the prisoner should have never been returned to his job detail and promptly removed him from assignment. The Defendants were well aware that the prisoner who assaulted Plaintiff should not have been allowed to return to work and they failed to act, satisfying the second prong set forth in *Farmer*.

*Id.* at 4.

The defendants have not responded to these objections.

## II.

Objections to a report and recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir.1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

A complaint is subject to dismissal under Rule 12(b) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). When applying that Rule, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "[A] judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations." *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). "However, while liberal, this standard of review does require more than the bare assertion of legal conclusions." *Ibid.* Federal Rule of Civil Procedure 8(a) requires that the complaint give the defendant fair notice of the nature of the claim and the factual grounds upon which it rests. *Twombly*, 127 S.Ct. at 1964. Therefore, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations omitted) (alteration in original). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (1984)); *see also Ana Leon T. v. Fed. Reserve Bank*, 823 F.2d 928, 930 (6th Cir. 1987) (per curiam) (mere conclusions are not afforded liberal Rule 12(b)(6) review).

"'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc.*, 58 F.3d at 1109.

The Supreme Court has held that the Eighth Amendment imposes upon prison officials the duty to "provide humane conditions of confinement," and among the obligations attendant to the discharge of that duty is to "ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). This obligation, however, is not unqualified. To the contrary, it is tightly circumscribed by rules requiring certain levels of proof when a prisoner argues that his conditions of confinement have crossed the boundary established by "contemporary standards of decency" incorporated into Eighth Amendment jurisprudence. *See Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (observing that "the Eighth Amendment 'must draw its meaning from the evolving standards of decency that mark the progress of a maturing society.'" (quoting *Trop v. Dulles*, 356 U.S. 86, 101 (1958) (plurality opinion))). Therefore, although under the Eighth Amendment prisoners have a limited constitutional right to proper medical care, that right is violated only when corrections officials are deliberately indifferent to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976).

A claim that the Eighth Amendment has been violated by a prison official's deliberate indifference to a prisoner's adequate medical care requires proof of both a subjective and an objective component. *Farmer*, 511 U.S. at 834. To satisfy the objective component, the plaintiff must allege that the medical need asserted is "sufficiently serious." *Farmer*, 511 U.S. at 834.

However, "while medical proof may be necessary to assess whether the denial of medical care caused a serious medical injury in cases where the prisoner['s] . . . 'affliction is seemingly minor or non-obvious,' no such evidence is required where the individual had a 'serious need for medical care that was so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" *Estate of Owensby v. City of Cincinnati*, 414 F.3d 596, 604 (6th Cir. 2005) (quoting *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004)).

To satisfy the subjective component, the plaintiff must show that "the prison official possessed 'a sufficiently culpable state of mind in denying medical care.'" *Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005) (quoting *Farmer*, 511 U.S. at 834). Although "it is not necessary that the prison officials consciously sought to inflict pain by withholding treatment," *Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir. 1988), "[m]ere negligence is not sufficient," *Hicks v. Frey*, 992 F.2d 1450, 1455 (6th Cir. 1993). Rather, the plaintiff must "show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). In other words, "[t]he official's conduct 'must demonstrate deliberateness tantamount to an intent to punish.'" *Ibid.* (quoting *Molton*, 839 F.2d at 243). This requirement "follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991)).

Prison officials also have a duty under the Eighth Amendment to protect prison inmates under their supervision from intentional violence visited upon them by other inmates. *Farmer*, 511

U.S. at 834. The test for this cause of action also contains objective and subjective components, and it is essentially the same as with a claim for denial of medical care. *See Green v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) ("In order to establish liability under the Eighth Amendment for a prison official's failure to protect her, an inmate must demonstrate that the official was deliberately indifferent to a substantial risk of serious harm to the inmate.") (internal quotation marks omitted).

The Court believes that the magistrate judge correctly determined that the plaintiff has failed to state a claim. In fact, this conclusion is not even debatable. Although this Court has an obligation to construe a *pro se* complaint liberally, the present complaint is woefully inadequate.

It is apparent that the plaintiff seeks to bring two separate claims under the Eighth Amendment – one for deliberate indifference to a serious medical need, and one for failure to protect. Yet both theories contain subjective and objective components, and the plaintiffs has failed on both scores for each of the claims. Considering first the plaintiff's claim for deliberate indifference to a serious medical need, the complaint fails to allege facts in satisfaction of the objective component because the plaintiff did not identify a *serious* medical need. He stated that he was punched in the mouth by another inmate, and nothing more. The complaint contains no information from which one can conclude that this was anything other than a minor attack; and the plaintiff did not allege that it caused him any harm, serious or otherwise. Based on the complaint, there is simply no way a reasonable fact finder could conclude that the plaintiff suffered from an objectively serious medical need. And this would still be true if the Court were to consider the additional allegations stated in the plaintiff's objections. The plaintiff concedes "that there was no traumatic injury," and the worst consequence he cites is his state of "shock," Pl.'s Objs. to First R

& R at 2, which temporarily caused him to lose his wits. But no Eighth Amendment violation can be coaxed from this allegation.

The subjective component similarly is lacking. To satisfy this component, the plaintiff must "show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock*, 273 F.3d at 703. In his complaint, however, the plaintiff merely alleged that prison personnel failed to provide him with medical treatment following the attack by the other inmate. He said nothing of how the defendants perceived the assault and its effects, and because the attack was relatively minor, no reasonable person could assume that any prison official would have perceived a need for medical treatment. Incorporating the additional facts stated by the plaintiff in his objections only confirms the deficiency in the pleadings: the plaintiff admitted in those objections that he "failed to adequately communicate his need for medical assistance." Pl.'s Objs. to First R & R at 2.

The plaintiff has also failed to state a claim for failure to protect. The plaintiff did not allege in his complaint that he faced a "substantial risk of serious harm" at the hands of another inmate. *Farmer*, 511 U.S. at 828. He simply stated that he was placed in a work rotation with his attacker four days after he, the plaintiff, completed his time in the "hole." The plaintiff speculates that there was a chance of a second attack, but the facts as alleged do not show a *substantial* risk of that. More glaring, however, is the dearth of allegations speaking to the subjective component. The plaintiff alleged in his complaint that prison personnel did nothing to separate the two inmates. But that is not the same as subjectively perceiving a substantial risk of a second attack and then ignoring that risk. *See Comstock*, 273 F.3d at 703. A plaintiff's "[f]actual allegations must be enough to raise a

right to relief above the speculative level." *Bell Atlantic Corp.*, 127 S.Ct. at 1965. To find an Eighth Amendment violation in the context of the present allegations would require just that – sheer speculation.

Once again, considering the factual allegations made by the plaintiff in his objections does not change the result. Although his allegation of additional threats possibly might satisfy the objective component (had the plaintiff said as much in his complaint), the subjective component remains unfulfilled. The plaintiff states that once prison officials became aware that the plaintiff was working alongside his assailant, they "promptly removed [the plaintiff] from assignment." Pl.'s Objs. at 4. If anything, this tends to show that the defendants were sensitive to the potential threat, not that they acted with deliberate indifference.

The Court believes that Magistrate Judge Majzoub correctly determined that the plaintiff failed to state a claim for a violation of the Eighth Amendment.

### III.

The Court agrees with the magistrate judge that the complaint fails to state a claim. The Court also finds the petitioner's objections to the magistrate judge's recommendation have no merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt #14] is **ADOPTED**, the plaintiff's objections to the recommendation [dkt #21] are **OVERRULED**, the case is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the defendants' motion for summary judgment [dkt #23] is **DISMISSED as moot**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: July 18, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 18, 2008.

s/Felicia M. Moses
FELICIA M. MOSES